IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DEBORAH F. OXENDINE | ) | |
| | ) | |
| v. | ) | NO. 3:20-00764 |
| | ) | |
| ROBERT C. BRYAN, et al. | ) | |

**TO:** Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered September 24, 2020 (Docket Entry No. 5), this *pro se* case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are motions to dismiss filed by Defendant Felix Adetunji (Docket Entry No. 13) and Defendant Effie Edmondson (Docket Entry No. 18), to which Plaintiff has filed a joint response in opposition (Docket Entry No. 22). For the reasons set out below, the undersigned respectfully recommends that the motions be granted and that this case be dismissed.

### I. BACKGROUND

Deborah Oxendine ("Plaintiff") is a Tennessee resident. On September 8, 2020, she filed a *pro se* and *in forma pauperis* complaint for violations of her federal civil rights alleged to have occurred at the Wilson County Jail ("jail") in Lebanon, Tennessee. *See* Complaint (Docket Entry No. 1). The only defendants named in the complaint are Wilson County Sheriff Robert C. Bryan ("Bryan") and John Doe medical personnel at the jail. *Id.* at 2. Plaintiff

alleges that, starting on or about September 7, 2019, she was held in the jail in conditions that she contends were unconstitutional. Specifically, she alleges that: (1) the medical staff "used drugs" on her that she cannot take, held her down and gave her shots, and did nothing to "detox" her; (2) she was not provided health care for cancer in her genital area; (3) she was kept in a cell without toilet paper and in clothes that she had soiled; and (4) her naked body was exposed to other staff and inmates. *Id*. at 4-5. Plaintiff asserts that this conduct occurred for at least a month and that she had to have surgery for the cancer and treatment for post-traumatic stress disorder after leaving the jail. *Id*. at 5.

Upon initial review of the complaint under 28 U.S.C. § 1915(e)(2), the Court granted Plaintiff *in forma pauperis* status, dismissed the claims against Bryan for lack of supporting factual allegations, and found that Plaintiff alleged colorable constitutional claims but that process could not issue in the case because the defendants for her claims were "John Does" who were not identified in the complaint. *See* September 24, 2020 Order. Plaintiff was advised that she needed to exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the actual names of the John Doe defendants and to file a timely motion pursuant to Federal Rule of Civil Procedure 15 for leave to amend to correctly identify these defendants by their actual names. *Id*. at 2.

Because Plaintiff took no action in her case for several months, the Court directed her to file a notice providing information about the John Doe defendants. *See* Order entered January 5, 2021 (Docket Entry No. 6). By a letter filed January 21, 2021, Plaintiff identified the Defendants in her case as (1) "Dr. Effe," (2) "Dr. Adatongie," and (3) "Nurse Lisa." *See* Docket Entry No. 7. Thereafter, the Court directed the Clerk to issue process to these

2

Defendants at the Wilson County Jail, 105 East High Street, Lebanon, TN 37087 because no address for service had been provided by Plaintiff. *See* Order entered February 2, 2021 (Docket Entry No. 8).

Process was returned unexecuted for "Nurse Lisa," with an explanation that this individual was "not found or employed at this address." *See* Docket Entry No. 13. Although Plaintiff incorrectly identified the remaining two defendants in her summonses, service of process was accepted by Felix Adetunji ("Adetunji") and Effie Edmondson ("Edmondson") and these two Defendants responded to the complaint by filing the pending motions to dismiss.

In their motions, Defendants Adetunji and Edmondson argue that the claims brought against them are barred by the one-year statute of limitations that applies to Plaintiff's civil rights claims. They acknowledge that Plaintiff generally filed her lawsuit within one year of the events alleged to have begun occurring at the Jail on September 7, 2019, but contend that Plaintiff's January 21, 2021, letter that specifically identified them and added them to the lawsuit was not filed until well after the one year statute of limitations had expired. They argue that the inclusion of "John Doe" defendants in her complaint does not toll the statute of limitations as to the claims against them and that Plaintiff's claims against them were untimely brought by her. *See* Memorandum in Support of Defendant Adetunji (Docket Entry No. 15); Memorandum in Support of Defendant Edmondson (Docket Entry No. 19).

In a one-page response, Plaintiff does not actually address the legal argument for dismissal made by Defendants Adetunji and Edmondson but merely asserts that she is proceeding *pro se* and knows very little about the law and that she will release her medical records to the Court to verify that she is still being treated for her medical issues. *See* Plaintiff's Response (Docket Entry No. 22). She also notes that the motions incorrectly refer to her as

3

"Katherine F. Oxendine" and that "as far as she knows, she has no case against Robert C. Bryan." *Id*.

## II. STANDARD OF REVIEW

Defendants' motions to dismiss are reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, when a party has raised a valid legal defense, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

## III. ANALYSIS

Defendants' motions have merit and should be granted. They have raised a valid statute of limitations defense that has not been rebutted by Plaintiff. Because Plaintiff has not provided any basis upon which to reject the statute of limitations defense, Defendants Adetunji and Edmondson are entitled to dismissal from the case.

The one-year statute of limitations set out in Tenn. Code. Ann. § 28-3-104(a) applies to Plaintiff's civil rights claims. *See Hughes v. Vanderbilt Univ.,* 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Her claims accrued and the statute of limitations period began to run when Plaintiff knew or had reason "to know of the injury which is the basis of his action." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

The events at issue and the injuries for which Plaintiff seeks compensation first occurred in September 2019, and her claims accrued at this time because she was aware of her injuries and the acts providing the basis for her claims. However, Defendants Adetunji and Edmondson were not identified in the complaint and were not named as Defendants until January 21, 2021, when Plaintiff filed a letter with the Court. There are no allegations in the complaint showing that any events involving Defendants Adetunji and Edmondson occurred within one year of when they were added as Defendants to the case.

Under the prevailing law of the Sixth Circuit, Plaintiff's act of later identifying Adetunji and Edmondson for the previously named "John Doe" defendants does not save her claims against them from dismissal. The Sixth Circuit has held that amendments adding parties will not relate back under Rule 15(c) of the Federal Rules of Civil Procedure to the time the original complaint was filed and "will not survive preclusive application of the statute of limitations unless the amendments are corrections of misnomers." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Within the Sixth Circuit, the law is that the addition of a subsequently identified defendant in place of a "John Doe" defendant is not a mere substitution or correction, but is a change of parties that requires a plaintiff to satisfy the language of Rule 15(c)(1)(C)(ii). *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). As to this requirement, the Sixth Circuit has repeatedly affirmed that a lack of knowledge about the identity or name of an intended but unknown defendant does not constitute the type of "mistake concerning the party's identity" that would allow an amendment adding a defendant after the statute of limitations has expired. *Wiggins v. Kimberly-Clark Corp.*, 641 Fed.App'x 545, 549 (6th Cir. 2016); *Brown v. Cuyahoga Cty., Ohio*, 517 Fed.App'x 431, 434 (6th Cir. 2013); *Smith v. City of Akron*, 476 Fed.App'x 67, 69 (6th Cir. 2012); *Moore v. Tennessee*, 267 Fed.Appx. 450, 455, (6th Cir. 2008); *Cox*, *supra*.

5

Neither Plaintiff's status as a *pro se* party nor her lack of legal knowledge are sufficient to warrant disregarding the effect of the statute of limitations. *See Cheatom v. Quicken Loans*, 587 Fed.App'x 276, 281 (6th Cir. 2014); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Godspower v. Arnold*, 2014 WL 4347619, *2 (M.D. Tenn. Aug. 29, 2014) (Trauger, J.) ("A prisoner's *pro se* status and ignorance of the law are wholly insufficient to excuse his failure to initiate this action in a timely manner."); *Benton v. Correct Care Sols.*, 2011 WL 1397610, *4 (M.D. Tenn. Apr. 13, 2011) (Trauger, J.) (plaintiff failed to show extraordinary circumstances prevented his timely filing of complaint even though he asserted that he made every attempt possible to diligently pursue his claims despite being incarcerated). While the Court recognizes the difficulties Plaintiff faced in filing her lawsuit as a *pro se* party, there simply has been no showing of anything extraordinary that would compel the Court to excuse the fact that the statute of limitations expired before Defendants Adetunji and Edmondson were sued in this case.[1]

The sole remaining Defendant is "Nurse Kim." However, because service of process has not been executed upon "Nurse Kim" within the time frame prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, that Defendant should be dismissed under Rule 4(m), resolving the case as to all Defendants.

---

[1] While Plaintiff correctly points out that the motions to dismiss erroneously refer to her by the wrong name, this error is irrelevant to the legal defense raised in the motions and does not provide a basis for rejection of the statute of limitations defense. Additionally, Plaintiff's complaint was, in fact, filed against Robert C. Bryan, although the claims against him were dismissed by the Court upon initial review. Finally, even if Plaintiff provided the Court with her medical records, that would not render the claims against Adetunji and Edmondson timely filed.

6

# RECOMMENDATION

For the reasons set out herein, it is respectfully RECOMMENDED that:

1) the motions to dismiss of Defendant Felix Adetunji (Docket Entry No. 13) and Defendant Effie Edmondson (Docket Entry No. 18) be GRANTED and those two Defendants be DISMISSED from the case;

2) Defendant "Nurse Kim" be DISMISSED from the case without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure; and,

3) this case be DISMISSED in its entirety as to all claims and defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge