UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DEBORAH F. OXENDINE, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) No. 3:20-cv-00764 |
| ROBERT C. BRYAN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 23) recommending that the Court grant the two pending Motions to Dismiss filed by Defendants Felix Adetunji and Effie Edmondson. (Doc. Nos. 13, 18). The R&R also recommends that the Court dismiss this case. Plaintiff Deborah Oxendine has filed an objection (Doc. No. 23). For the following reasons, the R&R will be approved and adopted.

### I. BACKGROUND

The Magistrate Judge has carefully recounted the factual background and procedural history of this case. (Doc. No. 23 at 1–4). As the R&R explains, Oxendine, a Tennessee resident, alleges mistreatment during her time at the Wilson County Jail in Lebanon, Tennessee. (Id. at 1–2; see also Doc. No. 1). She brought a claim under 28 U.S.C. § 1983 against Wilson County Sheriff Robert C. Bryan as well as various, unnamed medical personnel at the jail. (Doc. No. 1). Oxendine alleges that: (1) the jail's medical staff "used drugs" on her "that she cannot take, held her down and gave her shots, and did nothing to 'detox' her; (2) she was not provided health care for cancer in her genital area; (3) she was kept in a cell without toilet paper and in clothes that she had soiled; and (4) her naked body was exposed to other staff and inmates." (Id. at 2; see also Doc. No. 1 at

4–5).

The Court eventually dismissed Oxendine's claims against Bryan. (Doc. No. 23 at 2). But because Oxendine initially failed to identify the unnamed medical professionals against whom she brought her claims, the Court ordered her to take discovery. (Doc. Nos. 4, 23 at 2). More than three months passed without Oxendine's compliance, so the Court again ordered Oxendine to identify the unnamed medical personnel. (Doc. No. 6). Eventually, Oxendine identified Defendants Adetunji and Edmonson. (Doc. Nos. 7, 23 at 3).

After Defendants accepted service, they each filed Motions to Dismiss. In their Motions, Defendants argued that Oxendine's claims were barred by the statute of limitations because she: (1) failed to amend her complaint within the statute of limitations to name either Defendant; and (2) that she failed to file any claim against either defendant within the statute of limitations. (Doc. Nos. 13 at 4–5, 18 at 4–5).

## II. STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's R&R depends upon whether a party files objections. Where, as here, a party objects to portions of the R&R, the Court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's R&R. See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After explaining the appropriate legal standards under Federal Rule of Civil Procedure

2

12(b)(6), the Magistrate Judge found that Defendants "have raised a valid statute of limitations defense that has not been rebutted by Plaintiff." (Doc. No. 23 at 4). Accordingly, the Magistrate Judge recommended that the Court grant Defendants' Motions to Dismiss (Id.).

Construing Oxendine's objections fairly and liberally given her pro se status, the Court finds that they fall under the following two categories: (1) Oxendine's discovery efforts did not properly identify Defendants until January 2021; and (2) Defendants are obstructing her from determining the name of "Nurse Lisa", a member of the medical staff against whom she wants to file a claim. (Doc. No. 24 at 1–2). The Court will address each objection below.

As an initial matter, the Court finds that the Magistrate Judge appropriately identified the one-year statute of limitations applicable to Oxendine's claim. "Tennessee law provides for a one-year statute of limitations for civil actions brought under federal civil rights statutes." Woodward v. City of Gallatin, 58 F. Supp. 3d 862, 867 (M.D. Tenn. 2012) (citing Tenn. Code. Ann. § 28-3-104(a)(3)); see also Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005).

Turning to Oxendine's first objection, the Court rejects the notion that delayed discovery efforts to identify Defendants impacts the timeliness of Oxendine's claims against Defendants in this action. "Substituting a named defendant for [an unnamed] defendant is considered a change in parties, not a mere substitution of parties." Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); see also Woodward, 58 F. Supp. 3d at 868. And the Sixth Circuit has clearly held "that *new parties* may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B)." Durham v. Martin, 388 F. Supp. 3d 919, 931 (M.D. Tenn. 2019) (citing Cox, 75 F.3d at 240) (emphasis supplied). Indeed, the types of amendments contemplated by the federal rules in these instances are "limited to corrections of misnomers or misdescriptions." Asher v. Unarco Material Handling, Inc., 596 F.3d 313, 319 (6th

3

Cir. 2010).

Here, Oxendine filed a complaint against unnamed medical personnel on August 24, 2020 alleging in at least two separate places that mistreatment "started on Sep[tember] 7, 2019" and lasting for "at least 30 days." (Doc. No. 1 at 4). But Oxendine did not identify Defendants until she filed a letter with the Court on January 21, 2021. (See Doc. No. 7). Liberally construing that letter as a Motion to Amend the Complaint, the Court finds that such a Motion would be well beyond the one-year statute of limitations afforded under Tennessee law. Oxendine cannot add parties "after the statute of limitations has run," and her late identification of Defendants neither tolls nor revives her claims. Durham, 388 F. Supp. 3d at 931; see also id. at 931 (noting that § 1983 "has no relation-back provision"). After reviewing the record liberally in light of Oxendine's pro se status in this case, the Court cannot find any allegations or evidence that any actions by Defendants occurred within one year of Oxendine's attempt to add them to this case. Accordingly, the Court concludes that the one-year statute of limitations bars Oxendine's additions of Defendants.

Nor is the Court persuaded by Oxendine's second objection that Defendants are obstructing her from being able to identify "Nurse Lisa", another medical professional against whom Oxendine wants to bring these claims. In her January 21, 2021 letter the Court, Oxendine identified "Nurse Lisa" as an additional party. (Doc. No. 7). However, summons was returned unexecuted for "Nurse Lisa" because that party was "not found or employed at" the jail. (Doc. No. 11 at 2). After reviewing the record, the Court finds that there is no indication that either Defendants or other jail personnel are obstructing Oxendine from properly identifying "Nurse Lisa." Moreover, even were Oxendine to make a proper identification, her addition of "Nurse Lisa" as a party would be subject to the same statute of limitations bar as discussed above for Defendants.

4

The Court is sympathetic to Oxendine's alleged health issues as well as her pro se status. But neither a party's lack of legal knowledge nor her ability to timely identify an unnamed party to an action excuses her from a statute of limitations bar. See Driver v. Fabish, No. 3:13-1087, 2017 WL 2438400, at *4 (M.D. Tenn. June 5, 2017) (citing Cheatom v. Quicken Loans, 587 F. App'x 276, 281 (6th Cir. 2014)).

IV.  **CONCLUSION**

For the foregoing reasons, the R&R (Doc. No. 23) is **APPROVED AND ADOPTED** and Plaintiff's objections are **OVERRULED**. Defendants Motions to Dismiss (Doc. Nos. 13, 18) are **GRANTED**. Because there are no remaining named Defendants in this action, this case is **DISMISSED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE